IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00056-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID SCOTT,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on Petitioner's Request for Leave to File a Motion Attacking Sentence Pursuant to 28 U.S.C. § 2255; Presentencing Claims of a Fundamental Defect in the Proceedings Which Inherently Resulted in a Miscarriage of Justice [Docket No. 66], filed on August 10, 2020.  The Court construes defendant David Scott's filings liberally because he is not represented by counsel on this matter. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

    The Court construes Mr. Scott's petition to be a § 2255 motion.  On January 12, 2022, the government filed a response opposing the motion.  Docket No. 73.  In its filing, the government responded to the merits of Mr. Scott's § 2255 motion. *See id.* For the reasons discussed below, the Court denies the motion.

## I. PROCEDURAL HISTORY

On April 24, 2019, Mr. Scott pled guilty to a two-count Information charging him with violations of 18 U.S.C. § 924(c)(1)(A)(iii), using a firearm during and in relation to a crime of violence. Docket No. 20 at 1; Docket No. 21 at 1. On July 19, 2019, the Court sentenced Mr. Scott to 180 months imprisonment as to Count 1 and 180 months as to Count 2, to be served consecutively. Docket No. 31 at 2. Judgment entered on July 24, 2019. Docket No. 32.

On August 10, 2020, Mr. Scott filed his motion pursuant to 28 U.S.C. § 2255. Docket No. 66. Section 2255 generally requires that a defendant file a petition within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Upon dismissal of Mr. Scott's appeal to the Tenth Circuit, Docket No. 55, the court's judgment took effect on April 8, 2020. Docket No. 59. Mr. Scott did not file a petition for certiorari and his conviction became final on June 16, 2020. *Clay v. United States*, 537 U.S. 522, 531 (2003). As a result, his motion is timely. *See* 28 U.S.C. § 2255(f)(1).

## II. ANALYSIS

Mr. Scott makes several claims regarding his sentence. *See* Docket No. 66 at 2. Specifically, Mr. Scott contends,

> that due to ineffective assistance of counsel; a miscarriage of justice and several due process violations, the conviction and sentence resulting from the uncounseled guilty plea results in the conviction of one who is actually innocent of using a firearm to commit murder in aid of racketeering.

*Id*. The Court construes Mr. Scott's motion as making the following claims: (1) he received ineffective assistance of counsel regarding his waiver of indictment by grand jury, his change of plea, and his sentencing; (2) the Court erred in granting the

2

government's motion seeking an upward departure from the guideline range when sentencing Mr. Scott; (3) the Court erred in ordering consecutive sentences; and (4) Mr. Scott is innocent of the crimes to which he pled guilty. The Court will address Mr. Scott's ineffective assistance of counsel claim first.

### A. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Mr. Scott must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court is not required to address both prongs of the *Strickland* test if the defendant fails to make a sufficient showing of one. *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998).

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. There is "a strong presumption" that counsel's performance falls within the "wide range of reasonable professional assistance." *Id*. Mr. Scott bears the burden of overcoming this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id*. "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Under the prejudice prong, Mr. Scott must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. To demonstrate prejudice in relation to his conviction, Mr. Scott must show that "there is a

3

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This inquiry turns on: (1) whether going to trial would have been objectively rational under the circumstances; and (2) whether, in light of all the factual circumstances surrounding the plea, there is in fact a reasonable probability that Mr. Scott would have rejected the proposed plea agreement and instead proceeded to trial. *Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013). To demonstrate prejudice in the sentencing context, Mr. Scott must show a reasonable probability that his counsel's allegedly deficient performance resulted in an increased sentence. *See Glover v. United States*, 531 U.S. 198, 203–04 (2001).

Mr. Scott argues that he received ineffective assistance of counsel because his counsel "fail[ed] to advise [him] at critical stages of the prosecution, specifically, on waiver of the indictment; [p]leading guilty; and matters resulting in his sentence." Docket No. 66 at 3. Mr. Scott alleges that, "other than pressuring Petitioner to enter a plea of guilty to avoid life imprisonment, counsel was not acting as counsel guaranteed by the Sixth Amendment." *Id.* at 4. Specifically, Mr. Scott claims that "counsel provided no advice on waiving prosecution by grand jury indictment, the elements of the 924(c) offense; nor what murder in aid of racketeering means." *Id.* at 5. Mr. Scott alleges that "the government is attempting to condemn Petitioner as a murderer" and that "had Petitioner had effective assistance of counsel and the full panoply of protections afforded to him by the due process of law he would not have pleaded guilty to a crime of which by its very terms he did not commit." *Id.* Mr. Scott argues that "[t]he use of the murder allegation to secure and support the section 924(c) conviction is constitutionally

4

intolerable because it violates the due process of law." *Id.* While Mr. Scott admits that, "[i]n pleading guilty, petitioner understands that he admitted guilt to both a violation of 924(c) and 1959, yet he did not understand why he was admitting guilt to murder in aid of racketeering." *Id.* at 6. Finally, Mr. Scott argues that his attorney should have opposed the government's motion for a 30-year sentence. *Id.* at 7.

Mr. Scott's allegations regarding effective assistance of counsel are contradicted by Mr. Scott's declarations in court. On February 7, 2019, Mr. Scott waived his right to indictment as to Count 1 and Count 2 of the Information at a hearing in front of then-Magistrate Judge S. Kato Crews.[1] Docket No. 4; *see also* Docket No. 50 at 5-10. After determining that Mr. Scott was competent to proceed, Judge Crews asked Mr. Scott if he had ample opportunity to discuss his case with his attorney and if he was fully satisfied with the counsel, representation, and advice given to him in this case by his attorney. Docket No. 50 at 7-8. Mr. Scott answered "yes" to these questions. *Id.* At Mr. Scott's change of plea hearing, after Mr. Scott took an oath to tell the truth, the Court asked Mr. Scott whether he met with counsel to review the plea agreement, whether he had read the plea agreement, whether he had the opportunity to ask counsel questions about the plea agreement, and whether counsel had answered all of his questions to his satisfaction. Docket No. 48 at 5–6. Mr. Scott answered "yes" to

---

[1] Count 1 charges that, on or about November 23, 2014, Mr. Scott "did knowingly use and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(1). All in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii)." Docket No. 1 at 1. Count 2 brings the same claim, for an incident that occurred on or about November 25, 2014. *Id*. at 1-2. These are the two counts that Mr. Scott claims his attorney improperly advised him about. Docket No. 66 at 3.

5

each of these questions.  *Id.*  Regarding the elements of the charged § 924(c) offenses, the Court asked Mr. Scott whether he had a chance to discuss with counsel the elements of the offense and whether he understood the elements.  *Id.* at 10–11.  Mr. Scott answered "yes" to these questions.  *Id.*  The Court also asked Mr. Scott whether he had a sufficient amount of time to review his plea agreement with his counsel and whether he was satisfied with his counsel.  *Id.* at 16.  Mr. Scott answered "yes" to these questions.  *Id.* at 16-17.  The Court then asked Mr. Scott whether he had any complaints or criticisms of his counsel or of the plea agreement that counsel negotiated.  *Id.* at 17.  Mr. Scott answered "no."  *Id.*  "Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  At the waiver of indictment hearing and the change of plea hearing, Mr. Scott told the Court that he understood the charges, discussed the charges with his attorney, and had no complaints or criticisms of his attorney.  Docket No. 48 at 10-11; 16-17; Docket No. 50 at 7-8.  As such, the Court dismisses Mr. Scott's conclusory and unsupported allegations that Mr. Scott was not properly advised by counsel regarding his waiver of indictment and change of plea.

Mr. Scott's two non-conclusory allegations regarding failures of his counsel are that (1) his counsel should have opposed the government's motion seeking a 30-year sentence, and (2) his counsel failed to adequately explain why Mr. Scott was stipulating to the underlying crime of violence supporting his multiple convictions under § 924(c).  Mr. Scott's first contention is factually inaccurate.  Mr. Scott's counsel filed a response

to the government's motion for an upward variance that requested the Court impose a 25-year sentence, the minimum available under the terms of the plea agreement. Docket No. 30 at 4.

To support his second contention, Mr. Scott states "that petitioner understands that he admitted guilt to both a violation of 924(c) and 1959, yet he did not understand why he was admitting guilt to murder in aid of racketeering." Docket No. 66 at 6. However, throughout his motion, Mr. Scott also demonstrates that he understood he entered his plea of guilty to avoid facing a possible life sentence. *See*, *e.g.*, *id.* at 4 (counsel "pressure[ed] Petitioner to enter a plea of guilty to avoid life imprisonment" and Mr. Scott agreed to prosecution by Information to avoid "threats conveyed by counsel of life imprisonment"). Furthermore, the stipulated facts in Mr. Scott's plea agreement state that Mr. Scott shot and killed Kevie Durham and Michael Milton, and that these killings were related to his status as a member of the Park Hill Crenshaw Mafia Gangster Bloods gang. Docket No. 21 at 6–7. The Court finds that Mr. Scott understood that he faced a possible life sentence if he went to trial. As such Mr. Scott has not shown that going to trial would have been objectively rational under the circumstances or that, in light of all the factual circumstances surrounding the plea, there is a reasonable probability that Mr. Scott would have rejected the proposed plea agreement and instead proceeded to trial. *Heard*, 728 F.3d at 1184. Therefore, the Court finds that Mr. Scott has failed to demonstrate that Mr. Scott's counsel's performance was deficient or that it resulted in prejudice to his defense. *Strickland*, 466 U.S. at 687. Mr. Scott has failed to meet his burden under the *Strickland* test, and the Court therefore rejects his ineffective assistance of counsel claims.

### B. <u>Validity of Waiver</u>

The Court finds that Mr. Scott has waived his ability to assert three of his claims. In the plea agreement, Mr. Scott waived the right to challenge his conviction or sentence in any collateral attack, such as a motion brought under 28 U.S.C. § 2255. Docket No. 21 at 3. This waiver of appellate rights is subject to three exceptions, which allow him to collaterally attack his sentence if (1) there is an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) he received ineffective assistance of counsel; or (3) he was prejudiced by prosecutorial misconduct. *Id*. Only Mr. Scott's arguments regarding the effectiveness of his counsel are excepted from the waiver of appellate and collateral attack rights in his plea agreement.

A plea agreement waiver, however, does not end the inquiry. A court must determine "(1) whether the disputed [claim] falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *See United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (citing *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)). The Court addresses each factor in turn.

#### 1. *Scope of Waiver*

The Court finds that Mr. Scott's second, third, and fourth claims are within the scope of the plea waiver. Through his plea agreement, Mr. Scott waived his right to file a collateral attack, including a § 2255 motion, except as to explicitly retroactive changes in the sentencing guidelines or sentencing statute, ineffective assistance of counsel, and prosecutorial misconduct. *See* Docket No. 21 at 3. Thus, unless a claim falls

8

within these three exceptions, Mr. Scott has waived all rights to file a collateral attack. Mr. Scott's second claim, that the Court erred in granting the government's motion seeking an upward departure from the guideline range, does not seek the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute and does not implicate assistance of counsel or prosecutorial misconduct. The same goes for his third claim, that he should not have been sentenced to consecutive prison terms, and for his fourth, that he is innocent of the crimes to which he pled guilty.[2]  As a result, Mr. Scott has waived any right to assert his second, third, and fourth claims.

### 2. *Knowing and Voluntary Waiver*

The Court finds that Mr. Scott's waiver concerning claims two, three, and four was knowing and voluntary. While only waivers that are knowing and voluntary will be enforced, it is the defendant who has the burden of demonstrating that the waiver was not knowing and voluntary. *See United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (citations omitted). A court looks to two factors in particular: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and (2) "whether there was an adequate Federal Rule of Criminal Procedure colloquy." *See id.* (citing *Hahn*, 359 F.3d 1315). "A properly conducted plea colloquy, particularly one containing express findings, will, in most

---

[2] "[A]ctual innocence does not constitute a freestanding basis for habeas relief." *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019) (citing *Vreeland v. Zupan*, 906 F.3d 866, 883 n.6 (10th Cir. 2018). Rather, Mr. Scott's "claim of actual innocence 'enable[s] habeas petitioners to overcome a procedural bar' in order to assert distinct claims for constitutional violations." *Id* at 1130 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). Mr. Scott's only distinct claims for constitutional violations are for ineffective assistance of counsel, which the Court has addressed. However, Mr. Scott cannot make a freestanding claim of actual innocence and the Court declines to review his arguments.

cases, be conclusive on the waiver issue, in spite of a defendant's post hoc assertions to the contrary." *Id.*; *see also Blackledge*, 431 U.S. at 73–74 ("Solemn declarations in open court carry a strong presumption of verity.").

Mr. Scott's plea agreement specifically states that he "knowingly and voluntarily waives the right to challenge this prosecution, conviction or sentence in any collateral attack (including but not limited to, a motion under 28 U.S.C. § 2255)," other than the three exceptions already discussed. *See* Docket No. 21 at 3. As a result, the first factor, the language of the plea agreement, weighs in favor of finding that Mr. Scott knowingly and voluntarily waived his right to collaterally attack his sentence.

Additionally, at Mr. Scott's change of plea hearing, the Court confirmed that Mr. Scott's pleas of guilty were knowing and voluntary. First, the Court determined that Mr. Scott was alert, sober, and competent, asking him whether "[a]nything about the way that you feel today, whether physically or emotionally, that would cause you not to be able to understand what we are doing today in court?," to which Mr. Scott responded "no." *See* Docket No. 48 at 3–4. Second, the Court determined that Mr. Scott read his plea agreement and was able to ask his counsel any questions about his plea agreement. *See id.* at 5. He stated that counsel answered his questions regarding the plea agreement to his satisfaction. *See id.* After doing this, Mr. Scott affirmed that he signed his plea agreement voluntarily. *See id.* at 6. He also confirmed that no one forced or threatened him to plead guilty. *See id.* at 16.

Mr. Scott argues that "counsel's failure to advise petitioner on pleading guilty was complete rendering the plea unintelligent and involuntary." Docket No. 66 at 5. However, the Court has already determined that Mr. Scott has failed to demonstrate

that he received ineffective assistance of counsel in entering his guilty plea.  Mr. Scott provides no other evidence that his waiver of appellate rights was unknowing and involuntary, and it is his burden to prove that it was.  *See Tanner*, 721 F.3d at 1233.  Mr. Scott's post-hoc, conclusory assertions are insufficient to demonstrate that his waiver was unknowing and involuntary.  *See id.*; *see also Blackledge*, 431 U.S. at 73–74.  Given the specific language in the plea agreement and the extensive colloquy at Mr. Scott's change of plea hearing, the Court finds that his waiver of appellate rights as to claims two, three, and four was knowing and voluntary.

### 3. *Miscarriage of Justice*

The third factor for a court to consider in enforcing a waiver of rights in a plea agreement is whether the waiver will result in a miscarriage of justice.  *See Viera*, 674 F.3d at 1217.  The four circumstances where enforcement of the waiver results in a miscarriage of justice occur "when (1) the district court relied on an impermissible factor such as race, (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful."  *See United States v. Phillips*, 831 F. App'x 921, 922 (10th Cir. 2020) (unpublished) (quotations omitted) (citing *Hahn*, 359 F.3d at 1327).  The defendant bears the burden to demonstrate that the waiver results in a miscarriage of justice.  *See id.* (citing *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004)).

First, Mr. Scott makes no argument that the Court relied on an impermissible factor.  Second, the Court has already dismissed Mr. Scott's ineffective assistance of counsel argument as to the plea agreement.  This determination applies with equal

force to the waiver within the plea agreement.  *See United States v. Rollings*, 751 F.3d 1183, 1189 (10th Cir. 2014) ("it is appropriate to consider . . . the entirety of the plea agreement to satisfy th[e] inquiry" into the validity of a waiver).  Third, while Mr. Scott does challenge the length of his sentence,[3] Mr. Scott does not argue that his sentence exceeded the statutory maximum.  Finally, Mr. Scott makes no other specific arguments that his waiver was otherwise unlawful.  Thus, the Court finds that enforcing the waiver will not result in a miscarriage of justice and, as a result, Mr. Scott waived his right to seek collateral review as to his second, third, and fourth claims.

### C. Certificate of Appealability and Evidentiary Hearing

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  Such a showing is made when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In the present case, the Court concludes that Mr. Scott has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court will deny a certificate of appealability.

---

[3] Mr. Scott appears to argue that the Court should have sentenced him to the statutory *minimum* of 10 years and that his sentences should have run concurrently.  Docket No. 66 at 5.  However, Mr. Scott's argument that the statute provides a minimum sentence does not address the statutory maximum.  Furthermore, as the government notes, the Court was statutorily required to impose consecutive sentences for Mr. Scott's separate offenses.  *See* 18 U.S.C. § 924(c)(1)(D)(ii); Docket No. 73 at 13.

A court shall hold a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). The Court has found that Mr. Scott has not met either prong of the *Strickland* test. Mr. Scott claims that "his 2255 Motion has raised disputed issues of fact which warrant an evidentiary hearing." Docket No. 76 at 7. He further asserts that his "claims require his trial attorney to file a counter-affidavit to his allegation." *Id.* Mr. Scott cites no authority for the proposition that his trial attorney is required to file a counter affidavit. Furthermore, the Court finds that Mr. Scott's motion raises no disputed issues of fact, given that his arguments are based on wholly conclusory assertions as to the effectiveness of his counsel. Mr. Scott does not indicate whether he would seek to testify at an evidentiary hearing, and what the nature of such testimony might be. Therefore, the Court finds that a hearing is not required.

## III. CONCLUSION

For the reasons discussed above, it is

**ORDERED** that Petitioner's Request for Leave to File a Motion Attacking Sentence Pursuant to 28. U.S.C. § 2255; Presentencing Claims of a Fundamental Defect in the Proceedings Which Inherently Resulted in a Miscarriage of Justice [Docket No. 66] is **DENIED**. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**. It is further

**ORDERED** that David Scott's Motion for Status of the Proceedings with Regard to the Defendant's Pending Petition Pursuant to 28 U.S.C. § 2255 [Docket No. 77] is **DENIED** as moot.

DATED January 7, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge